**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
*(Submitted August 3, 2006)*

Decided October 11, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1454

| | |
|---|---|
| MICHAEL A. THOMAS, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> JOHN E. POTTER, <br>     *Defendant-Appellee.* | Appeal from the United States <br>     District Court for the <br>     Northern District of Illinois, <br>     Eastern Division. <br><br> No. 02 C 3576 <br><br> James B. Zagel, *Judge.* |

**O R D E R**

Michael Thomas brought suit under Title VII, alleging that the United States Postal Service retaliated and discriminated against him based on his gender when it changed his shift schedule. The district court granted summary judgment for the Postal Service, concluding that a mere change in shift schedule which does not materially affect the terms of employment cannot constitute an adverse employment action. We affirmed in *Thomas v. Potter*, No. 05-1454, 2005 WL 1994328 (7th Cir. Aug. 18, 2005). The Supreme Court subsequently held in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. ___, 126 S.Ct. 2405 (2006), that the anti-retaliation

provision of Title VII is not limited to actions that materially affect the terms and conditions of employment, but rather "an employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." *Id*. at 2412–13 (italics in original). In so holding, the Court noted with approval that other circuits, including this one, have declined to limit the scope of the anti-retaliation provision. *See id*. at 2410–11 (citing *Washington v. Illinois Department of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005)). Shortly thereafter, the Supreme Court granted Thomas's petition for a writ of certiorari and remanded the case to this court for further consideration in light of the decision in *Burlington Northern*. We invited the parties to comment on the effect of *Burlington Northern*. On consideration of *Burlington Northern* and the parties' comments, we again affirm the district court's judgment.

The proper inquiry under *Burlington Northern* and our *pre-Burlington Northern* case law is whether a reasonable employee would have found the challenged retaliatory act materially adverse in that it would dissuade a reasonable worker from filing a charge, regardless of whether the act is employment-related. *Burlington Northern*, 126 S.Ct. at 2414–16; *Washington*, 420 F.3d at 661–63. Here, the purported retaliatory act—the change to Thomas's shift schedule—is directly related to his employment. Therefore *Burlington Northern* does not alter the outcome of this case, unless there was intentional, non-employment-related harm to Thomas from the shift change. *Burlington Northern*, 126 S.Ct. at 2415–16 (citing *Washington*, 420 F.3d at 662). In *Washington*, we concluded that a jury could find that Washington's employer retaliated against her because it exploited her "unique vulnerability" by changing her work schedule knowing that she would be required to take two hours of leave per day to care for her disabled son. *Washington*, 420 F.3d at 662–63.

However, unlike in *Washington*, Thomas does not assert—nor does the record contain any evidence—that he had a unique vulnerability that the Postal Service knew about and sought to exploit by changing his shift schedule. Thomas's assertion that the shift change was undesirable or inconvenient to him does not rise to the level of harm sufficiently serious to "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 126 S.Ct. at 2415 (quoting *Washington*, 420 F.3d at 662). In any event, Thomas identifies no evidence that the Postal Service imposed the shift change with the knowledge or intention that Thomas would consider it undesirable or inconvenient. Accordingly, we cannot say that the district court erred in concluding that Thomas failed to demonstrate that the challenged retaliatory act had a materially adverse effect on him.

**AFFIRMED**.